UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

STEPHANIE PAREZ,
a citizen & resident of New Hampshire

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
corporation d/b/a NORWEGIAN
CRUISE LINES,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, STEPHANIE PAREZ, a New Hampshire citizen and resident, sues Defendants NCL (BAHAMAS) LTD., a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, STEPHANIE PAREZ, is sui juris and is a resident and citizen of the State of New Hampshire.

3. Defendant NCL (BAHAMAS) LTD. is a Bermuda corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant NCL (BAHAMAS) LTD. has done business under the fictitious name "NORWEGIAN CRUISE

LINES." For federal jurisdictional purposes, Defendant NCL (BAHAMAS) LTD. is both a citizen of Bermuda and a citizen of Florida.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. Plaintiff is a resident and citizen of New Hampshire, while Defendant is a citizen of Bermuda and Florida. The damages and injuries suffered by Plaintiff, as described in Paragraph 16 below, support an award of damages in excess of $75,000.00, exclusive of interest and costs.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff

gave the Defendant a timely written notice of claim as required by the ticket contract on June 1, 2023, see attached *Exhibit 1*.

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "NORWEGIAN PEARL" (the "PEARL").

11. At all material times, including the accident date of April 17, 2023, the Plaintiff was a fare paying passenger aboard the "PEARL" and in that capacity was lawfully present aboard the vessel.

12. On or about April 17, 2023, Plaintiff was walking near the hot tub area on Deck 12 of the "PEARL" when she slipped and fell due to a wet, slippery, foreign, and/or transitory substance present on the deck surface.

13. At all material times, Defendant knew, or in the exercise of reasonable care, should have known of the wet, slippery, foreign, and/or transitory substance that caused the Plaintiff to slip and fall for the reasons alleged below in Paragraphs 14 and 15.

14. Defendant's actual and/or constructive knowledge of the dangerous condition derives from prior similar slip and fall incidents that occurred on the "PEARL," and/or vessels within the same class. Including but not limited to the following:

   a. On June 12, 2019, A.V. was walking on Deck 12 of the "GEM," a vessel within the same class as the "PEARL," near the jacuzzi and pool area when she slipped and fell due to wet and slippery substance present on the deck surface. *Valiante v. NCL (Bahamas) LTD.*, 20-CV-21374-RNS.

15. Alternatively, Defendant's actual and/or constructive knowledge derives from policies and procedures particular to cleaning and maintaining Deck 12 of the "PEARL" in order to mitigate slip and falls. NORWEGIAN's implementation and adherence to those policies and procedures demonstrates NORWEGIAN's knowledge and awareness to the fact that slip and fall occurrences on the "PEARL," and other vessels, are a reoccurring issue.

16. As a direct and proximate result of the fall described above, the Plaintiff was injured in and about her body and extremities, sustained a torn meniscus in her left knee along with other injuries, and she suffered pain there from, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE

17. Plaintiff adopts, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 – 16.

18. At all material times, NORWEGIAN owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel, which encompassed the exterior portion of Deck 12 where the Plaintiff slipped and fell, in a reasonably safe condition.

19. At all material times, there existed a dangerous condition on the floor surface of Deck 12 referenced in Paragraph 12, to-wit: a foreign, wet, slippery, and/or transitory substance.

20. At all material times, NORWEGIAN had actual and/or constructive notice of the dangerous condition that caused Plaintiff to slip and fall for the reasons alleged in Paragraphs 14 and 15.

21. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, NORWEGIAN breached its duty to Plaintiff by failing to exercise reasonable care in maintaining the deck surface of where Plaintiff slipped and fell in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

   a. Failing to maintain the floor surface of Deck 12 where Plaintiff slipped and fell in a reasonably safe condition to prevent slip and falls from occurring.

   b. Failing to maintain the floor surface on the "PEARL" in accordance with the manufacturer's specifications to ensure that the floor surface maintains its slip resistant characteristics.

   c. Failing to inspect the floor surface where Plaintiff slipped and fell to ensure adequate slip resistance.

   d. Failing to use a floor surface in the area where Plaintiff slipped and fell that would provide adequate slip resistance to prevent slip and falls from occurring.

   e. Failing to utilize non-skid strips and/or other precautions in the area where Plaintiff slipped and fell in order to prevent slips and falls from occurring on the open decks of the "PEARL."

   f. Failing to staff and deploy a sufficient number of personnel assigned to the deck where Plaintiff fell in order to identify a wet, slippery, transitory, and/or foreign substances from accumulating on the deck surface in the area where prior to when Plaintiff slipped and fell.

g. Failing to dry the floor surface prior to Plaintiff's slip and fall.

h. Failing to conduct frequent, timely, or adequate inspections of the floor surface in the area where Plaintiff slipped and fell to identify or detect potential slip and fall hazards such as accumulated water and/or a wet, slippery, transitory, or foreign substances on the floor.

i. Failing to implement and/or enforce adequate policies and procedures to ensure that wet floors in the area where Plaintiff slipped and fell were remedied.

j. Failing to implement or enforce adequate policies and procedures to ensure that the area where Plaintiff slipped and fell was free of any wet or foreign substances so as to prevent slip and falls from occurring.

22. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 12 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16.

**WHEREFORE**, Plaintiff demands judgment against NORWEGIAN for compensatory damages, interest, and the costs of this action and further demands trial by jury of all issues triable as of right.

## COUNT II – NEGLIGENT FAILURE TO WARN

23. Plaintiff readopts, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 – 16.

24. At all material times, NORWEGIAN owed the Plaintiff, as a fare paying passenger, a duty of reasonable care, including a duty to warn of onboard dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

25. At all material times, there existed a dangerous condition on the floor surface of Deck 12 referenced in Paragraph 12, to-wit: a foreign, wet, slippery, and/or transitory substance.

26. At all material times, the dangerous condition was not open and obvious as the coloration of the deck made unreasonably slippery surfaces difficult to identify for untrained lay persons such as the Plaintiff. Further, Plaintiff was walking near the pool area where water is typically on the floor. Thus, it was objectively reasonable for her to believe that the floor was not unreasonably slippery, even when wet.

27. At all material times, NORWEGIAN had actual and/or constructive notice of the dangerous condition of the floor surface where Plaintiff slipped and fell for the reasons alleged in Paragraphs 14 and 15.

28. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, NORWEGIAN failed at all material times to warn passengers, including the Plaintiff, of the dangerous condition through written or orally delivered warnings, appropriate signage, markings, or placement of cones, cordoning off the dangerous area pending its cleaning and drying, or otherwise, and was thereby negligent.

29. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 12 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, Plaintiff demands judgment against NORWEGIAN for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: April 12, 2024

**/s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
STEPHEN P. MATHENY
Florida Bar No. 1049813
smatheny@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone:   (305) 371-6000
Facsimile:    (305) 371-5749
*Attorneys for Plaintiff*